THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVERETT N. WINTER, et al.,

          Plaintiffs,

vs.

SNOHOMISH COUNTY, a Washington Municipality, et al.,

          Defendants.

No. C10-1778Z

ORDER

THIS MATTER comes before the Court on defendants' motion for summary judgment,[1] docket no. 12. Having reviewed the papers filed in support of, and opposition to, defendants' motion, the Court GRANTS the motion.

---

[1] Defendants also move to dismiss plaintiffs' section 1983 claims against Howard Knight and Penelope Skovold pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court declines to address the motion to dismiss because plaintiffs' claims against Knight and Skovold must be dismissed on other grounds. See infra at P.II.B.

ORDER - 1

## I. BACKGROUND

This case arises out of a land use dispute over real property located in Marysville, Snohomish County, Washington, at 100 Street NE (the "Property"). Miller Decl., Exs. B-C, docket no. 20. The Property consists of two parcels, identified by their tax identification numbers as Tax Parcel No. 300514-002-010-00 ("Parcel 1") and Tax Parcel No. 300514-002-007-00 ("Parcel 2"). Id. Plaintiffs Sam and Anna DeJong own the Property. Id.

Pursuant to an agreement with the DeJongs, plaintiff Everett Winter began placing fill and crushed concrete on the Property in early 2008. See 2d Skovold Decl. Ex. A, docket no. 22.[2] In response, on January 10, 2008, Snohomish County (the "County") issued a notice and order of violation alleging that Winter's dumping activities constituted illegal grading on the Property. Skovold Decl. at ¶ 8, docket no. 15. On February 4, 2008, the County notified the DeJongs that it had withdrawn the January 10, 2008 notice and order, pending review of the legality of Winter's activities by the Snohomish County Agricultural Advisory Board. Id. at Ex. B.

On March 25, 2008, the Agricultural Board issued an advisory opinion, concluding that Winter's activities on the Property were not "agricultural." Id. at Ex. D. Thereafter, on April 21, 2008, the County issued a second notice and order to

---

[2] Plaintiffs move to strike exhibit A to the declaration of Penelope Skovold, docket no. 15. In response, defendants filed a second declaration from Ms. Skovold in which she resubmits the same photographs and testifies that they accurately portray the Property. 2d Skovold Decl. at ¶ 6, docket no. 22. The second declaration is sufficient to authenticate the photographs under Fed. R. Evid. 901. Accordingly, the Court DENIES plaintiffs' motion to strike.

plaintiffs.  Id. Ex. E.  The second notice and order applied only to Parcel 1.  Id.  The County rescinded the second notice and order when plaintiffs' attorney complained that the County had failed to provide him with a copy of the notice.  Skovold Decl. at ¶ 11, docket no. 15.  The County corrected the faulty notice and sent out a third notice and order on September 12, 2008.  Id. Ex. F.  To comply with the notice and order, plaintiffs were required to, no later than October 20, 2008 (1) cease all grading and dumping activity on Parcel 1; (2) remove all existing unacceptable fill (defined as large broken pieces of concrete and asphalt); and (3) obtain a grading permit.  Id.  The order provided for a civil penalty of $250.00 per day from the date of the notice until compliance.  Id.

Plaintiffs did not appeal the notice and order within fourteen days.  Skovold Decl. at ¶ 16, docket no. 15.  As a result, it became a final administrative order.  Skovold Decl., Ex. F, docket no. 15.  Thereafter, pursuant to the Snohomish County Code, the County requested a hearing for the limited purpose of imposing the monetary penalties identified in the notice and order.  Skovold Decl. at ¶ 17, docket no. 15; see also SCC 3.85.230(1).[3]  At the hearing on December 5, 2008, plaintiffs contested the imposition of penalties.  Skovold Decl. at ¶ 18, docket no. 15; Winter Decl. at ¶ 25, docket no. 19.  On December 23, 2008, the hearing examiner issued a

---

[3] The relevant portions of the Snohomish County Code were amended in late 2008.  See Snohomish Cnty., WA, Ordinance 08-062 (Oct. 1, 2008).  For purposes of the present motion all references to the county code are to the pre-amendment version of the code.

ORDER - 3

written opinion imposing $21,000.00[4] in accrued penalties, plus an additional $250.00[5] daily penalty that would continue to accrue until such time as "compliance [with the notice and order] is achieved or the violations abated."  Skovold Decl. Ex. H at 4, docket no. 15.

After filing an unsuccessful motion for reconsideration, plaintiffs filed a land use petition in Snohomish County Superior Court pursuant to Washington's Land Use Petition Act ("LUPA").  Id. at Ex. I; Otten Decl., Ex. A, docket no. 14.  Plaintiffs requested that the superior court vacate the decision of the hearing examiner imposing monetary penalties.  Otten Decl., Ex. A at 8, docket no. 14.  On October 28, 2009, the Superior Court denied plaintiffs' petition and dismissed the LUPA action.  Otten Decl., Ex. B, docket no. 14.

On March 2, 2009, plaintiffs submitted a grading permit application for Parcel 1.  Miller Decl. at ¶ 16, docket no. 20.  The County requested additional information on April 29, 2009.  Knight Decl., Ex. A, docket no. 13.  Plaintiffs did not provide additional information until August 2010.  Knight Decl. at ¶ 6, docket no. 13.  Shortly thereafter, the County informed plaintiffs that the grading permit application was

---

[4] The hearing examiner arrived at the $21,000.00 penalty figure by multiplying the $250.00 daily penalty by the 84 days of non-compliance that had accrued between September 12, 2008 (the date of the Notice and Order) and December 5, 2008 (the date of the penalty hearing).  Skovold Decl. Ex. H at 4, docket no. 15.

[5] The $250.00 daily penalty is a fixed amount set by the Snohomish County Code.  See SCC 30.85.260(3).

ORDER - 4

insufficient because it only addressed grading activities on Parcel 1.  Id. at ¶¶ 7, 9.  On October 10, 2010, plaintiffs filed the present lawsuit.  Compl., docket no. 5.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  See F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), rev'd on other grounds, 512 U.S. 79 (1994).

### B. Snohomish County Agencies and Employees are Improper Parties

The county subdivision defendants are not proper parties because "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."  Nolan v. Snohomish Cnty., 59 Wn. App. 876, 883, 802 P.2d 792 (1990).  Similarly, all of the allegations in the complaint against Knight and Skovold relate to conduct within the scope of their employment with the County, and as such, they are not proper parties.  Broyles v. Thurston Cnty., 147 Wn. App. 409, 427, 195 P.3d 985 (2008).  Accordingly, the Court GRANTS defendants' motion and DISMISSES with prejudice plaintiffs' claims against the Snohomish County Planning Department,

Snohomish County Code Enforcement Department, Howard Knight,[6] and Penelope Skovold.[7]

### C. **Plaintiffs' Claims Against the County**

The only remaining defendant is Snohomish County. Plaintiffs' various constitutional and statutory claims against the County arise out of the following four events, which the Court construes as four separate claims:

(1) The opinion issued by the Snohomish County Agricultural Advisory Board on March 28, 2008, assessing whether Winter's work on the Property constituted an "agricultural use" (plaintiffs' "First Claim");

(2) The hearing examiner's decision imposing $21,000.00 in penalties for past code violations on December 23, 2008 (plaintiffs' "Second Claim");

(3) Defendants' alleged failure to provide a process for plaintiffs to challenge the accruing $250.00 daily penalty by proving that they had abated the violations on the Property (plaintiffs' "Third Claim"); and

(4) Defendants' alleged refusal to process plaintiffs' application for a grading permit (plaintiffs' "Fourth Claim").

---

[6] Plaintiffs move to amend the complaint to replead their claims against defendants Skovold and Knight under 42 U.S.C. § 1983, and defendants move to strike plaintiffs' motion to amend. Resp. at 21, docket no. 18. Leave to amend need not be granted if the amendment would be futile. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010). Here, any amendment would be futile because plaintiffs' claims against Skovold and Knight fail as a matter of law. See Broyles, 147 Wn. App. at 427. Therefore, the Court DENIES plaintiffs' motion to amend, and further DENIES as moot defendants' motion to strike.

[7] The claims against Knight and Skovold are also barred by the doctrine of qualified immunity. Plaintiffs have failed to allege any conduct by Knight or Skovold that violated plaintiffs' clearly established constitutional rights. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).

ORDER - 6

Defendants argue that plaintiffs' claims should be dismissed as (1) unripe; (2) barred by res judicata; or (3) barred by plaintiffs' failure to exhaust administrative remedies.[8]

### 1. Plaintiffs' Fourth Claim is Not Ripe

In order to state a claim under RCW 64.40.020, there must be an "act" by a government agency. Callfas v. Dep't of Const. & Land Use, 129 Wn. App. 579, 592, 120 P.3d 110 (2005). That act may either be a final decision on an application or a "failure . . . to act within time limits established by law." RCW 64.40.010(6). Defendants argue that under Callfas, plaintiffs' Fourth Claim is not ripe because the County has not yet acted on the permit, or failed to act within any specific time limit.

Plaintiffs contend that the case is more similar to Mission Springs, Inc. v. City of Spokane, 134 Wn.2d 947, 954 P.2d 250 (1998) than it is to Callfas. In Mission Springs, a developer submitted a completed permit application that satisfied all of the requirements for approval. Id. at 960 n. 13. The city refused to process the permit for political reasons. Id. at 959. The Washington Supreme Court held that the city's arbitrary refusal to act was an actionable "act" under the statute. Id. at 962. Plaintiffs argue that Mission Springs applies here, where the County arbitrarily refused to process the grading permit application after it concluded that the application was not a

---

[8] As the Court dismisses all of plaintiffs' claims on other grounds, the Court declines to address whether plaintiffs' claims are barred by plaintiffs' failure to exhaust administrative remedies.

ORDER - 7

"good faith effort to resolve the violation." See Knight Decl., Ex. E; Compl., docket no. 5.

In Mission Springs, the issue was "whether a municipality may withhold a ministerial land use permit for reasons extraneous to the satisfaction of the lawful ordinance and/or statutory criteria." Id. at 952 (emphasis added).  Unlike in Mission Springs, here, plaintiffs have not submitted an application that satisfies the criteria of the Snohomish County Code.  See SCC 30.63B.200(1), SCC 30.91S.340.  As such, Mission Springs does not apply and plaintiffs' claims are not yet ripe for adjudication. Therefore, the Court GRANTS defendants' motion for summary judgment and DISMISSES without prejudice plaintiffs' Fourth Claim.

2. Plaintiffs' First, Second, and Third Claims are barred by Res Judicata

The Washington Supreme Court has used res judicata to mean both claim preclusion and issue preclusion, stating that "[r]es judicata refers to the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action." Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995).  When res judicata is meant to describe just claim preclusion, it bars "not only . . . points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at that time." Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 327, 941 P.2d 1108 (1997) (emphasis in

original). For res judicata to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of persons for or against whom the claim is made. Loveridge, 125 Wn.2d at 763.

Defendants argue that plaintiffs' First, Second, and Third Claims are barred by res judicata because those claims were actually litigated in the LUPA action, or should have been litigated in that action. The Court agrees. When plaintiffs filed their LUPA action, they had an obligation to bring all of their existing claims against the County in that lawsuit. Plaintiffs' obligation extended to their First and Second claims against the County (arising out of the Agricultural Advisory Board's March 2008 opinion and the hearing examiner's imposition of $21,000.00 in accrued penalties in December 2008), both of which arose out of plaintiffs' illegal dumping activity and the monetary penalties associated with the violation. See Kelly-Hansen, 87 Wn. App. at 329. Plaintiffs also should have brought their Third Claim (arising out of the County's alleged failure to provide a process by which plaintiffs could challenge the ongoing imposition of penalties) in the LUPA action. The record reflects that plaintiffs' Third Claim was before the superior court in the LUPA action, as plaintiffs requested that the court vacate the hearing examiner's order imposing penalties, including the daily $250.00 penalty. See Otten Decl., Ex. A, docket no. 14. Plaintiffs therefore had the opportunity to litigate whether the imposition of the accruing daily penalty was proper, and they either failed to do so, or failed to convince the superior court of the merits of

their claim, and as such, they are barred from relitigating that claim in this Court. Norris v. Norris, 95 Wn.2d 124, 130, 622 P.2d 816 (1990).  Therefore, the Court GRANTS defendants' motion and dismisses with prejudice plaintiffs' First, Second, and Third Claims.[9]

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment, docket no. 12.  The Court DISMISSES without prejudice plaintiffs' unripe claims against the County arising out of the County's alleged failure to approve plaintiffs' grading permit application.  The Court DISMISSES all of plaintiffs' remaining claims with prejudice.

IT IS SO ORDERED.

DATED this 1st day of April, 2011.

Thomas S. Zilly
United States District Judge

---

[9] The parties devote a substantial portion of their argument to the applicability of the Washington Supreme Court's decision in Post v. City of Tacoma, 167 Wn.2d 300, 217 P.3d 1179 (2009), and whether a penalty constitutes a land use decision that must be exhausted under LUPA.  However, plaintiffs have consistently acted as if the hearing examiner's order imposing penalties were a land use decision subject to LUPA.  See, e.g., Otten Decl., Ex. A at 8, docket no. 14.  Therefore, plaintiffs are estopped from raising this issue by their prior inconsistent conduct.