THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERETT N. WINTER, et al., | |
| Plaintiffs, | No.  C10-1778Z |
| vs. | |
| SNOHOMISH COUNTY, a Washington Municipality, et al., | ORDER |
| Defendants. | |

THIS MATTER comes before the Court on plaintiffs' motion for reconsideration, docket no. 26.  Motions for reconsideration are disfavored.  Local Rule CR 7(h)(1).  The Court will ordinarily deny a motion for reconsideration absent a showing of manifest error in the prior ruling or a showing of new facts or legal authorities which could not have been brought to its attention with reasonable diligence.  Id.

ORDER - 1

Plaintiffs contend that the Court made three manifest errors of law in its Order granting defendants' motion for summary judgment.[1]  First, plaintiffs argue that the Court erred in declining to decide the issue that plaintiffs contend is "the primary dispute between the parties:" whether a monetary penalty constitutes a land use decision under Washington's Land Use Petition Act ("LUPA").  Plaintiffs contend that the applicability of LUPA is crucial because, if a monetary penalty is not a land use decision, then plaintiffs were not obligated to challenge the monetary penalties in the prior LUPA action.  While plaintiffs perceive the monetary penalty issue to be the dispositive question in the case, it is in fact not.  To the contrary, it is at best only tangentially related.  Instead, the primary issue before the Court on summary judgment was whether plaintiffs' claims were barred by the doctrine of res judicata because plaintiffs in fact did, or reasonably should have, brought their claims in the LUPA action.  Thus, whether or not the monetary penalties imposed by the hearing examiner were land use decisions that the plaintiffs were statutorily obligated to challenge in the LUPA action is immaterial because plaintiffs in fact had an opportunity to do so.  Even if the Court were to reconsider the monetary penalty issue, and hold, as plaintiffs advocate, that a penalty is not a land use decision for purposes of LUPA, and by extension, that plaintiffs were not obligated to challenge the imposition of monetary penalties in the LUPA action, it would not alter the result of the Court's Order.  The fact remains, plaintiffs actually litigated the propriety of the monetary penalties

---

[1] For the sake of convenience and brevity, the Court incorporates the facts set forth in its previous Order.  See Order, docket no. 24.

ORDER - 2

imposed by the hearing examiner in the LUPA action.[2]  Thus, plaintiffs are precluded from relitigating the propriety of the monetary penalties in the present action, and the Court did not commit a manifest error of law by granting defendants' motion for summary judgment.

Second, plaintiffs contend that the Court erred in declining to address plaintiffs' equal protection claim.  Specifically, in contesting summary judgment, plaintiffs argued that if the Court held that monetary penalties constituted land use decisions that must be appealed under LUPA, then the enforcement of LUPA's 21-day statute of limitations violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.  Resp. at 12-14, docket no. 18.  As with plaintiffs' first assignment of error, however, the equal protection issue is irrelevant because plaintiffs actually litigated the propriety of the monetary penalties in the LUPA action.  Therefore, plaintiffs' equal protection claim would not alter the Court's conclusion that plaintiffs' claims are barred by res judicata.

Finally, plaintiffs contend that the Court erred in holding that the County's refusal to act on their grading permit is not actionable under RCW 64.40.020, relying heavily on Mission Springs, Inc. v. City of Spokane, 134 Wn.2d 947, 954 P.2d 250

---

[2] For this reason, plaintiffs' heavy reliance on Post v. City of Tacoma, 167 Wn.2d 300, 217 P.3d 1179 (2006) is misplaced.  In Post, the Washington Supreme Court addressed the plaintiff's challenge to the City of Tacoma's decision to impose monetary penalties for land use violations as a matter of first impression.  Id. at 307.  Here, plaintiffs have already litigated the propriety of the monetary penalties in state court, and now seek a do-over in federal court.  Under these circumstances, Post is inapposite, and this Court did not need to address it in granting defendants' motion for summary judgment.

ORDER - 3

(1998).  As the Court indicated in its prior Order, however, <u>Mission Springs</u> is inapposite because the plaintiff in that case had satisfied all of the ordinance's requirements for permit approval, while the plaintiffs here have not.  Order at 8, docket no. 24.  Moreover, in their motion for reconsideration, plaintiffs raise no new legal argument or authority and instead simply restate the same arguments that the Court rejected in its original Order.  Accordingly, reconsideration is unwarranted.  <u>See</u> Local Rule CR 7(h)(1).

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration, docket no. 26.

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
Thomas S. Zilly
United States District Judge